IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No.  6:22-0179-HMH |
| | ) | C.A. No.  6:23-4702-HMH |
| | ) | |
| | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Angie X Vargas Luna, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Defendant Angie X. Vargas Luna's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. For the reasons below, the court denies Defendant's motion.

**I. BACKGROUND**

On June 22, 2022, Defendant, a citizen of Colombia, pled guilty to one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591, pursuant to a written plea agreement. (Plea Agreement, ECF No. 39); (Guilty Plea, ECF No. 42.)  The plea agreement set forth the statutory penalties Defendant faced, which included a term of supervised release of five years to life, and advised that pleading guilty may result in mandatory deportation. (Plea Agreement ¶¶ 1, 4, ECF No. 39.)  The plea agreement further informed Defendant that she would be required to register as a sex offender:

> The Defendant also understands that by pleading guilty, she will be required to register as a sex offender upon her release from prison as a condition of his/her supervised release pursuant to 18 U.S.C. § 3583(d).  Defendant also understands that independent of supervised release, she will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his/her life.

1

(Id. ¶ 13, ECF No. 39.)  During her plea colloquy, Defendant confirmed that she understood the offense with which she was charged, the elements of that offense, and the penalties it carried. (Plea Tr. 6-7, ECF No. 63.)  She then represented that she understood "each and every" term of her plea agreement and had "thoroughly reviewed" it with her attorney.  (Id. at 11, ECF No. 63.) In addition, when asked by the court if she understood that "pleading guilty may result in [her] removal from the United States," Defendant responded, "Yes, sir."  (Id. at 12, ECF No. 63.) Finding that Defendant was "fully competent and capable of entering an informed plea" and that her plea was "knowing and voluntary" and "supported by an independent basis in fact," the court accepted Defendant's guilty plea.  (Id. at 19, ECF No. 63.)

On October 5, 2022, the United States Probation Office disclosed its presentence investigation report ("PSR").  The PSR determined that Defendant's total offense level was 40 and her criminal history category was I, resulting in a Guidelines range of 292 to 365 months' imprisonment.  (PSR ¶ 79, ECF No. 47.)  The PSR also listed seven "mandatory conditions," thirteen "standard conditions," and thirteen "special conditions" of supervision.  (Id. ¶¶ 83, 86, 96, ECF No. 47.)  Of note, the sixth mandatory condition provided that Defendant "must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency . . . ."  (Id. ¶ 83, ECF No. 47); see 18 U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act.").

On October 13, 2022, an addendum to Defendant's plea agreement was filed.  In the addendum, Defendant acknowledged that she was subject to deportation upon conviction,

2

"waive[d] her right to a hearing before an immigration judge," and "agree[d] that an order be issued for deportation to Colombia." (Plea Agreement Addendum ¶¶ 2-3, ECF No. 50.) In exchange for Defendant's consent to deportation, the government agreed to move for a downward departure under U.S.S.G. § 5K2.0. (Id. ¶ 5, ECF No. 50.)

Defendant's sentencing was held on October 25, 2022. At the start of the hearing, the court asked whether Defendant had had enough time to consult with counsel, was satisfied with her attorney's representation, and had thoroughly reviewed the PSR with her attorney. (Sentencing Tr. 2, ECF No. 62.) Defendant answered each question affirmatively. (Id. at 2, ECF No. 62.) The court then adopted the findings and Guidelines calculations of the PSR without objection and heard from the government on its motion for a downward departure pursuant to U.S.S.G. §§ 5K1.1 and 5K2.0. (Id. at 3-7, ECF No. 62.) The government explained that Defendant had provided substantial assistance in an unrelated case and had agreed not to contest her deportation. (Id. at 4-5, ECF No. 62.) After granting the government's motion, the court heard argument on the 18 U.S.C. § 3553(a) factors and allowed Defendant to allocute. (Id. at 7-18, 23, ECF No. 62.) Ultimately, the court sentenced Defendant to 72 months' imprisonment, followed by a lifetime term of supervised release. (Sentencing Tr. 29-30, ECF No. 62.) She did not appeal her conviction or sentence.

On September 12, 2023,[1] Defendant filed the instant § 2255 motion, claiming that counsel rendered ineffective assistance by (1) failing to advise her of her "probation terms,"[2] including the requirement that she register as a sex offender, (2) failing to review the PSR with her, and (3) coercing her into agreeing to "voluntary deportation." (§ 2255 Mot., ECF No. 56.) On November 27, 2023, the government moved for summary judgment on Defendant's petition.

---

[1] See Houston v. Lack, 487 U.S. 266, 270-71 (1988).

[2] The court assumes that Defendant means "supervised release," not "probation."

3

(Mot. Summ. J., ECF No. 67.)  The same day, the court entered an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the government's motion and the possible consequences if she failed to respond.  (Order, ECF No. 68.)  To date, Defendant has not responded to the government's motion.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the court views "all facts and reasonable inferences in the light most favorable to the nonmoving party."  <u>Ballengee v. CBS Broad., Inc.</u>, 968 F.3d 344, 349 (4th Cir. 2020).  To withstand summary judgment, however, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence."  <u>Dash v. Mayweather</u>, 731 F.3d 303, 311 (4th Cir. 2013).  Rather, the nonmoving party must "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[] that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute."  Fed. R. Civ. P. 56(c)(1).

### B. 28 U.S.C. § 2255

A motion to vacate allows a prisoner to contest his or her sentence

> upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

4

28 U.S.C. § 2255(a).  "The petitioner must prove the grounds for collateral attack by a preponderance of the evidence."  Drayton v. United States, 476 F. Supp. 3d 298, 302 (D.S.C. 2020).

The court may summarily deny a petition without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  No hearing is required if the petitioner's allegations are "vague, conclusory or palpably incredible," Raines v. United States, 423 F.2d 526, 531 (4th Cir. 1970) (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)), or if they "cannot be accepted as true because they are contradicted by the record," Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999) (internal quotation marks omitted).

### C. Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant "the right to the effective assistance of counsel."  Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).  To prevail on a claim alleging ineffective assistance of counsel, a defendant "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  Id. at 687.  Deficient performance means that "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms."  Id. at 688.  In evaluating the performance prong, the court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."  Id. at 689.  To establish prejudice under the second prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In the guilty-plea context, the prejudice prong requires the defendant to show "a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).  The court may address either prong of the Strickland inquiry first and need not address both if one is dispositive.  Strickland, 466 U.S. at 697.

### III. DISCUSSION

### A. Ground One

In her first ground for relief, Defendant contends that counsel was deficient in failing to advise her of the terms of her supervised release, including that she would be required to register as a sex offender.  (§ 2255 Mot. 4, ECF No. 56.)  This contention, however, is flatly contradicted by the record in this case.

Defendant's plea agreement specifically noted that a violation of 18 U.S.C. § 1591 carries a term of supervised release of five years to life.  (Plea Agreement ¶ 1, ECF No. 39.)  It also informed Defendant that she would be required to register as a sex offender as a condition of her supervised release.  (Id. ¶ 13, ECF No. 39.)  At her plea hearing, Defendant acknowledged that she faced a term of supervised release of five years to life and informed the court she still wanted to plead guilty.  (Plea Tr. 7, ECF No. 63.)  She then confirmed that she had "thoroughly reviewed" the plea agreement with her attorney and understood "each and every provision."  (Id. at 11, ECF No. 63.)  Later, at sentencing, Defendant stated that she had reviewed the PSR – which outlined the mandatory, standard, and special conditions of her supervision – and confirmed that she had no objections to the report.  (Sentencing Tr. 2-3, ECF No. 62.)

On these facts, there is no basis for concluding that counsel's performance was constitutionally deficient under the first Strickland prong.  Defendant is bound by her sworn statements to the court that (1) she understood that she faced a possible life term of supervised

6

release and (2) had reviewed her plea agreement and the PSR with counsel. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005) (rejecting as "palpably incredible and patently frivolous or false" allegations contained in a § 2255 motion that contradicted the defendant's testimony during his Rule 11 colloquy and sentencing hearing). Accordingly, the court denies Defendant's first ground for relief.

### B. Ground Two

Defendant next argues that counsel provided ineffective assistance by failing to discuss the PSR with her before sentencing. (§ 2255 Mot. 5, ECF No. 56.) Again, however, Defendant confirmed at sentencing that she had reviewed the PSR, discussed it with counsel, and had no objections. (Sentencing Tr. 2-3, ECF No. 62.) "[Defendant's] post hoc attempt to deny the facts that [s]he swore to under oath is not sufficient to create a genuine factual issue as to whether [s]he adequately discussed the PSR with counsel." Good v. United States, No. 2:16cr22, 2018 WL 2976984, at *8 (E.D. Va. Jun. 18, 2018) (unpublished); Blackledge, 431 U.S. at 74; Lemaster, 403 F.3d at 222. The court therefore denies Defendant's second claim for relief.

### C. Ground Three

Defendant's final ground for relief is titled, "Coer[c]ion to sign my voluntary deportation." (§ 2255 Mot. 6, ECF No. 56.) As supporting facts, Defendant states:

> I was told that they [were] going to reduce 2 points of[f] my PSR if I sign, and that 99% of the persons get deported anyways. [A]nd I do not understand the severe implications of that decision, has affected me and my family; especially my baby.

(Id. at 6-7, ECF No. 56.)

To properly evaluate this claim, the court considers first whether counsel rendered ineffective assistance in connection with Defendant's decision to plead guilty, and then whether counsel rendered ineffective assistance in connection with Defendant's decision to execute the plea agreement addendum.  See Padilla v. Kentucky, 559 U.S. 356, 364 (2010) ("*Before deciding whether to plead guilty*, a defendant is entitled to the effective assistance of competent counsel." (emphasis added) (internal quotation marks omitted)); Lafler v. Cooper, 566 U.S. 156, 162 (2012) ("*During plea negotiations* defendants are entitled to the effective assistance of competent counsel." (emphasis added) (internal quotation marks omitted)); see also United States v. Rodriguez-Vega, 797 F.3d 781, 787 (9th Cir. 2015) (holding that "counsel's statements made after [the defendant] had already pled guilty, that she faced a 'high likelihood' of removal, [did not] satisfy his duty to accurately advise his client of the removal consequences of a plea *before* she enter[ed] into it" (emphasis in original)).

In Padilla v. Kentucky, 559 U.S. 356 (2010), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel "requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea."  Chaidez v. United States, 568 U.S. 342, 344 (2013).  A defense attorney may perform deficiently under Padilla by giving affirmative misadvice on the effect a guilty plea will have on his or her client's immigration status.  For example, the defendants in Padilla, 559 U.S. at 359, and Lee v. United States, 582 U.S. 357, 361-62 (2017), each unknowingly pled guilty to a deportable offense after being assured by counsel that a conviction would not result in any immigration consequences.  Similarly, in United States v. Akinsade, the defendant pled guilty to a deportable offense based on incorrect advice "that he could only be deported if he had two felony convictions."  686 F.3d 248, 250 (4th Cir. 2012).  And, in United States v. Murillo, the defendant was falsely assured

that he could fight his deportation if he pled guilty to a lesser included offense. 927 F.3d 808, 811 (4th Cir. 2019); see also United States v. Swaby, 855 F.3d 233, 237, 240 (4th Cir. 2017) (finding deficient performance where counsel relied on an inapplicable version of statute in advising defendant).

In this case, by contrast, counsel's uncontested affidavit reveals that counsel "repeatedly advised [Defendant] that she would likely be deported upon completion of her sentence." (Resp. Opp'n § 2255 Mot. Ex. C (Odom Aff. 2), ECF No. 66-3.) Defendant, in fact, admits in her motion that she "was told that . . . 99% of the persons [who plead guilty] get deported anyways." (§ 2255 Mot. 6, ECF No. 56.) Further, both the plea agreement and the court's plea colloquy informed Defendant that pleading guilty could lead to her deportation. (Plea Agreement ¶ 4, ECF No. 39) ("Defendant understands that if Defendant is not a United States citizen, the felony conviction in this case may subject Defendant to removal, also known as deportation, which may, under some circumstances, be mandatory."); (Plea Tr. 12, ECF No. 63) ("**THE COURT:** Do you understand that if -- that by pleading guilty, this may affect your immigration status and the right remain within the United States even if you are currently lawfully residing in the United States? In other words, pleading guilty may result in your removal from the United States. Do you understand that? **DEFENDANT VARGAS LUNA:** Yes, sir.").[3] Thus, because there is no

---

[3] The court recognizes that "general and equivocal" warnings have been held insufficient to cure the effect of erroneous immigration advice given by counsel. Akinsade, 686 F.3d at 253-54; Swaby, 855 F.3d at 240-41; Murillo, 927 F.3d at 819. Here, however, there is no evidence – nor does Defendant argue – that counsel ever misadvised her about the immigration consequences of her plea. Thus, paragraph four of the plea agreement and the court's admonishment serve as further evidence that Defendant was aware of the risk of deportation. See, e.g., Maiyo v. United States, No. 13-1865, 2014 WL 3932130, at *3 (6th Cir. Aug. 13, 2014) (unpublished) (finding no deficient performance where "in addition to his own lawyer, the Judge and the prosecutor both informed [the defendant] that he faced the possibility of deportation"); United States v. Armendariz, 80 F.4th 546, 552 (5th Cir. 2023) (finding no deficient performance where "[the defendant's] lawyer (as well as the magistrate judge and the plea agreement) warned her that her

dispute that Defendant was on notice that her "plea carrie[d] a risk of deportation," Padilla, 559 U.S. at 374, Defendant cannot show that she received ineffective assistance of counsel in connection with her decision to plead guilty.

The court next considers whether Defendant's decision to execute the plea agreement addendum and agree to deportation was the product of ineffective assistance of counsel. As for the first Strickland prong, Defendant offers no evidence, beyond a bare assertion, to suggest that she was misled or coerced into signing the addendum or that counsel was otherwise deficient. Defendant also fails to explain how she was prejudiced by counsel's allegedly deficient performance. By the time Defendant signed the addendum, she had knowingly and voluntarily pled guilty to an offense that triggered mandatory deportation, 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); id. § 1101(a)(43)(K)(iii) (defining "aggravated felony" to include an offense described in 18 U.S.C. § 1591), and faced a Guidelines range of 292 to 365 months' imprisonment. Counsel nevertheless managed to secure a highly favorable deal on her behalf: in exchange for Defendant's promise not to contest her deportation, the government agreed to move for a downward departure at sentencing. The court granted the government's motion and sentenced Defendant to 72 months in prison – 220 months below the low end of her Guidelines range. Under these circumstances, it would not have been rational for Defendant to reject the terms of the plea addendum, move to withdraw her guilty plea, and insist on going to trial. Padilla, 559 U.S. at 372 (explaining that "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"); cf. United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) ("Pleading guilty generally involves a conscious

---

deportation would be very likely if she pleaded guilty to importing marijuana" (emphasis removed)).

10

decision to accept both the benefits and burdens of a bargain. That decision may not be lightly undone by buyer's remorse on the part of one who has reaped advantage from the purchase.").

In sum, Defendant cannot show that her decisions to plead guilty and stipulate to deportation were the result of ineffective assistance of counsel. Therefore, the court dismisses her third claim for relief.

### IV. CONCLUSION

For the reasons stated above, the court **DENIES** Defendant's § 2255 motion, docket number 56, and **GRANTS** the government's motion for summary judgment, docket number 67. A certificate of appealability is denied because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 9, 2024